# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN JOSEPH GRAHAM, | : | CIVIL ACTION NO. |
| BOP Reg. # 51752-019, | : | 2:11-CV-271-RWS-SSC |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:00-cr-77-RWS-SSC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## **ORDER**

Movant, a federal prisoner, filed an Independent Action Pursuant to the Rule of Equity [Doc. 168] and a Motion Request for an Evidentiary Hearing and the Appointment of Counsel [Doc. 169]. Because it appears from the record of prior proceedings in this case that Movant's Independent Action is actually his third impermissibly second or successive 28 U.S.C. § 2255 motion to vacate his sentence, the Magistrate Judge recommended that it be dismissed. [Doc. 172]. Now before the Court are the Magistrate Judge's Final Report and Recommendation [Doc. 172] and Movant's objections thereto [Doc. 173]. Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects, and has reviewed the remainder

of the Report for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

In his Independent Action in Equity, Movant seeks to challenge the 21 U.S.C. § 851 notice of sentence enhancement filed by the government during his criminal proceedings, which concluded in November 2003 when the Eleventh Circuit affirmed his judgment of conviction on direct appeal. [Doc. 168; see Doc. 112]. Movant attempts to characterize his current challenge to his sentence as something other than an impermissible second or successive § 2255 motion—his third, in fact. As the Magistrate Judge has demonstrated, however, that attempt fails. [See Doc. 172 at 1-4 (citing Gilbert v. United States, 640 F.3d 1293, 1322 (11th Cir. 2011) (en banc), for proposition that "the actual innocence of sentence exception to the bar against second or successive motions involving sentence claims . . . did not survive" enactment of Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA))].

In his objections to the Magistrate Judge's Report, Movant cites United States v. Harris, 149 F.3d 1304, 1308 (11th Cir. 1998), to support his claim that "jurisdictional defects cannot be procedurally defaulted." [Doc. 173 at 3]. He states that "the United States Supreme Court has long enforced this jurisdictional requirement as well," citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

2

375, 377 (1994). [Doc. 173 at 3-4]. In Kokkonen, however, the Supreme Court emphasized the limited nature of federal jurisdiction, noting the presumption "that a cause lies outside this limited jurisdiction and [that] the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citation omitted). Furthermore, even assuming that Movant can establish that a jurisdictional defect occurred during his criminal proceedings, he faces a more difficult—indeed, in the current circumstances, an insurmountable—hurdle.

Regardless of whether a claim is jurisdictional or can or cannot be procedurally defaulted, it may not be raised via a second or successive § 2255 motion—or via any pleading that is in substance a second or successive § 2255 motion—unless the appropriate court of appeals, the Eleventh Circuit in this case, has authorized the filing of that motion. See United States v. Bell, No. 11-12074, 2011 U.S. App. LEXIS 23159, at *2-4 (11th Cir. Nov. 18, 2011) (unpublished decision) (stating that appellant's "Motion for Clarification"—in which he claimed that district court lacked jurisdiction to impose his mandatory life sentences because government's 21 U.S.C. § 851 notice of sentence enhancement was defective—"is properly construed as a motion to vacate under 28 U.S.C. § 2255," over which the district court lacked jurisdiction because appellant "had already filed a § 2255 motion" and had not

3

obtained authorization from the Eleventh Circuit to file another one). Here, the following is just as true today as it was when this Court stated it in June 2008: "[A]s Petitioner's only remaining remedy lies in filing a successive § 2255 Motion, the Court must construe [his Federal Rule of Civil Procedure 60(b)(6)] Motion as a successive motion to vacate, correct, or set aside sentence brought pursuant to 28 U.S.C. § 2255." [Order, Doc. 145 at 2-3 (denying Movant's Rule 60(b)(6) motion as impermissibly second or successive § 2255 motion because Movant had failed to obtain necessary Eleventh Circuit authorization as required by 28 U.S.C. § 2255(h))]. Movant's Independent Action in Equity must suffer the same fate as his Rule 60(b)(6) motion.

Accordingly, the Court finds no error, plain or otherwise, in the Magistrate Judge's Report and Recommendation. The Court **OVERRULES** Petitioner's objections [Doc. 173]; **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 172] as the Order of this Court; **DISMISSES** Movant's Independent Action in Equity [Doc. 168] as an impermissible second or successive 28 U.S.C. § 2255 motion to vacate his sentence, over which this Court lacks

AO 72A
(Rev.8/82)

jurisdiction; **DENIES** Movant's Motion Request for an Evidentiary Hearing and the Appointment of Counsel [Doc. 169]; and **DENIES** Movant a certificate of appealability.

**IT IS SO ORDERED** this  5th  day of January, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)